IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jealdine Collins and                            :
Jeallina C.V. Irvin,                            :
                                                :
                        Appellants              :
                                                :
            v.                                   :    No. 703 C.D. 2024
                                                 :    Submitted: October 9, 2025
Delaware County Tax Claim                       :
Bureau and Guy Leroy                            :


BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED:  April 10, 2026


Jealdine Collins (Collins) and Jeallina C.V. Irvin (Irvin) (collectively, Appellants), appeal from the April 24, 2024 Order of the Court of Common Pleas of Delaware County (trial court) denying their objections to the Delaware County Tax Claim Bureau's (Bureau) sale of a vacant lot located at 0 Longacre Boulevard, Lansdowne, Pennsylvania (Property).  Before this Court, Appellants challenge the sufficiency of the Bureau's notice of its September 2023 upset tax sale held pursuant to the Real Estate Tax Sale Law (RETSL).[1]  We affirm.

By way of background, the Bureau sold Appellants' Property to Guy Leroy at its September 2023 tax sale due to Appellants' delinquent taxes for the 2021 tax year.  Appellants filed timely objections thereto on November 6, 2023, arguing that the Bureau failed to comply with RETSL's notice requirements under Sections

_____
[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

602 and 607.1(a), 72 P.S. §5860.602-607a(a). Notably, the Property is adjoined to 1216 Longacre Boulevard, Lansdowne, Pennsylvania, where Collins and Irvin reside. That property too was exposed to an upset tax sale and sold to Guy Leroy in September 2023. The objection to that sale was docketed separately before the trial court such that it is now the subject of a separate appeal filed in this Court. *See Collins v. Delaware County Tax Claim Bureau* (Pa. Cmwlth., No. 702 C.D. 2024, Notice of Appeal filed June 4, 2024).

The trial court held a hearing on both matters on March 12, 2024. Therein, as it concerned the Property, the Bureau offered the testimony of Jeanine Heinlein and a tax claim file for the Property. Pertinent now, Heinlein explained that, in 2022, the Bureau sent a notice of return and claim addressed to Collins and Irvin at their residence at 1216 Longacre Boulevard. Trial Court's Hearing, 3/12/24, Notes of Testimony (N.T.) at 8-9. The notice of return and claim, however, was assigned "CV-19" because of the COVID-19 global pandemic.[2] *Id*.; *see also* Reproduced Record (R.R.) at 68a-69a. As such, Heinlein testified that the Bureau posted notice of return and claim at the Property on December 2, 2022. Trial Court's Hearing, N.T. at 9; *see also* R.R. at 70a. To demonstrate the Bureau's strict compliance with Section 602 of RETSL, the Bureau provided proof of its notice of upset tax sale by publication, posting, certified mailing, and 10-day notice. *See, e.g.*, Trial Court's Hearing, N.T. at 10-12.

---

[2] Our review of the Reproduced Record indicates that the postal carrier notated "IRVIN" in the signature line, likely to conform with United States Postal Service Guidance. *See, e.g.*, https://about.usps.com/newsroom/service-alerts/pdf/usps-continuity-of-operations-03-20-2020.pdf (last visited April 9, 2026).

In an order dated April 24, 2024,[3] the trial court denied Appellants' objections to the Bureau's upset tax sale. In a subsequent Pennsylvania Rule of Appellate Procedure 1925(a) opinion dated July 30, 2024, the trial court summarily explained that it found Heinlein's testimony to be credible and that the Bureau had strictly complied with RETSL's Section 602 notice requirements. Although the trial court did not opine on Appellants' Section 607 challenge, the trial court nevertheless advised that it did not err in determining the Bureau's upset tax sale should not have been set aside.

Before this Court,[4,5] Appellants concede that the Bureau strictly complied with its notice of upset tax sale requirements under Section 602. *See* Appellants' Brief at 12 ("In the present case, Ms. Collins and Ms. Irvin do not dispute the [] Bureau's attempted compliance with the Section 602 notice requirements."). Appellants instead focus their appeal on the Bureau's purported failure to undertake additional notification efforts under Section 607.1(a) of RETSL where the Bureau's March 22, 2022 notice of return and claim was assigned "CV-19." *Id*. at 13-18.

---

[3] The trial court amended its order on May 14, 2024, for the purpose of correcting the parcel number it had identified in its April 24, 2024 order.

[4] "Our review in tax sale cases is 'limited to determining whether the trial court abused its discretion, clearly erred as a matter of law[,] or rendered a decision with a lack of supporting evidence.'" *In re Consolidated Reports and Return by the Tax Claims Bureau of Northumberland County of Properties*, 132 A.3d 637, 643 n.12 (Pa. Cmwlth. 2016) (*Appeal of Neff*).

[5] As we have explained, matters involving upset tax sales implicate due process because of the government's taking of one's property. *Appeal of Neff*, 132 A.3d at 644; *Tracy v. Chester County Tax Claim Bureau*, 489 A.2d 1334, 1339 (Pa. 1985) ("[I]t is a momentous event . . . when a government subjects a citizen's property to forfeiture for the non-payment of taxes."). Given the seriousness of such a taking, we are inclined to note our dissatisfaction with the Bureau and Leroy for failing to file briefs in this Court. *See* Commonwealth Court 6/20/25 Order.

At bottom, here, Appellants have confused the operative provisions of RETSL and the various notices required of the Bureau. As we have explained, "[t]he General Assembly enacted separate procedures for challenging the underlying tax claims giving rise to tax sales and the validity of the tax sales themselves." *Zelno v. Lyons*, 245 A.3d 1185, 1186 (Pa. Cmwlth. 2021). The former is governed by Article III of RETSL, *see* 72 P.S. §§5860.301-5860.316, while the latter is governed by Article VI, *id*. §§5860.601-5860.642.

To the extent Appellants now rely on Section 607.1(a) of RETSL, that provision states in pertinent part:

> When any **notification of a pending tax sale or a tax sale subject to court confirmation** is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification **is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification** by the named addressee or is not returned or acknowledged at all, **then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him**.

72 P.S. §5860.607a(a) (emphasis added). Thus, a tax claim bureau's obligation to undertake additional reasonable notification efforts is only triggered when *a notice of a pending tax sale* under Section 602 is, for example, returned without signature.

As indicated, however, the notice returned "CV-19" was not a notice of pending tax sale. It was a Section 308(a) notice of return and claim relating to the underlying tax claim itself. In relevant part, Section 308(a) provides:

> Not later than the thirty-first day of July of each year, the bureau shall give only one notice of the return of said taxes and the entry of such claim in one envelope for each

4

delinquent taxable property, by United States registered mail or United States certified mail, return receipt requested, postage prepaid, addressed to the owners at the same address listed on the form returned by the tax collector for taxes that are delinquent. . . . **If no post office address of the owner is known or if a notice mailed to an owner at such last known post office address is not delivered by the postal authorities, then notice as herein provided shall be posted on the property affected** . . . .

72 P.S. §5860.308(a).[6]

Because this is a distinct procedure under RETSL, however, the notice being returned "CV-19" did not trigger any additional notification procedures under Section 607.1(a) of RETSL. Rather, it required the Bureau to post its notice of return and claim at Appellants' Property. But as indicated by Heinlein's testimony, which was accepted as credible by the trial court, the Bureau did so. Trial Court's Hearing, N.T. at 9; *see also* R.R. at 70a.

Accordingly, the trial court's order is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

---

[6] Notably, once a tax claim becomes absolute, a delinquent taxpayer may only seek to reopen the claim on the basis of payment or failure to receive such notice under Section 314(e) of RETSL, 72 P.S. §314(e), *i.e.*, the taxpayer can no longer challenge the amount in controversy. *See also Zelno*, 245 A.3d at 1186-87 (holding the remedy prescribed under Section 314 of RETSL is exclusive thereto).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jealdine Collins and : 
Jeallina C.V. Irvin, : 
 : 
Appellants : 
 : 
v. : No. 703 C.D. 2024
 : 
Delaware County Tax Claim : 
Bureau and Guy Leroy : 

# **O R D E R**

AND NOW, this 10th day of April, 2026, the order of the Court of Common Pleas of Delaware County (trial court), dated April 24, 2024, and amended May 14, 2024, is **AFFIRMED**.

_____
MICHAEL H. WOJCIK, Judge